UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EASY FINANCIAL, LLC,

                        Plaintiff,

-v-

CHURCHILL MRA FUNDING I, LLC and SUNRISE NPL, LLC,

                        Defendants.

CIVIL ACTION NO.: 23 Civ. 2948 (GHW) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is the request of Plaintiff Easy Financial, LLC ("Easy") to strike the amended answer of Defendant Churchill MRA Funding I, LLC ("Churchill") and the answer of Defendant Sunrise NPL, LLC ("Sunrise"). (ECF No. 83 (the "Strike Request")). For the reasons set forth below, the Strike Request is GRANTED IN PART and DENIED IN PART.

By way of background, on April 7, 2023, Easy filed this action against Churchill, asserting claims arising from Churchill's alleged breach of a settlement agreement (the "Settlement Agreement") that the parties entered to resolve disputes relating to their 2020 Master Repurchase Agreement and Securities Contract (the "MRA"). (ECF No. 1). Easy subsequently amended its complaint three times, filing first, second, and third amended complaints on April 12, 2023, April 15, 2023, and August 24, 2023, respectively. (ECF Nos. 10; 42; 48 (the "TAC")).

On August 17, 2023, Churchill moved under Federal Rule of Civil Procedure 19 to join Sunrise as a necessary party. (ECF No. 44 (the "Joinder Motion")). Churchill argued that Sunrise's joinder was required for two reasons: (1) Churchill has assigned to Sunrise its rights in the Loans under the MRA and the Settlement Agreement, and Easy therefore cannot obtain complete relief

without Sunrise's participation in this action; and (2) because the Court's determination of Churchill's rights and liabilities under the MRA and Settlement Agreement is binding on Sunrise, as Churchill's successor, Sunrise's interests will be impaired absent joinder. (ECF No. 45 at 8–14). Separately, on September 7, 2023, in response to the TAC, Churchill filed an answer with counterclaims against Easy (the "Counterclaims"), and third-party claims against Easy's principal, Benjamin Donel ("Donel"). (ECF No. 51 (the "Answer")).

On September 28, 2023, Easy filed a motion for judgment on the pleadings as to Churchill's Counterclaims (ECF No. 57 (the "MJP")), and a related motion for sanctions (ECF No. 59 (the "Sanctions Motion")), arguing, inter alia, that "Churchill has no interests in the MRA and the Settlement Agreement because they were assigned to" Sunrise, and Churchill thus "lacks standing to pursue its [C]ounterclaims[.]" (ECF No. 58 at 12). The Court held in abeyance Churchill's deadlines to respond to the MJP and Sanctions Motion pending resolution of the Joinder Motion. (See ECF Nos. 62; 65 ¶ 4).

On December 7, 2023, the Court granted Churchill's Joinder Motion and directed the Clerk of Court "to amend the caption of this action to designate Sunrise as a Defendant." (ECF No. 78 at 11 (the "Joinder Order")). In the Joinder Order, the Court directed Easy to consider "whether it intends to amend the TAC given the addition of Sunrise as a Defendant in this action." (Id.)

On December 18, 2023, the Court held a telephone status conference, at which Easy, Churchill, and Sunrise appeared. (See ECF min. entry Dec. 18, 2023 (the "Dec. 18 Conference")). The purpose of conference was, inter alia, to discuss the parties' interest in amending their pleadings given that Sunrise was now a Defendant, and to set deadlines, if necessary, for Churchill to respond to the MJP and Sanctions Motion. (See ECF Nos. 65; 76; 78 at 11; 87 at 4–5). Easy

2

advised that it did not wish to assert any additional claims against Sunrise. (ECF No. 87 at 4). When asked whether Easy wished to pursue the Sanctions Motion, Easy's counsel stated, "unless [Churchill] wishes to withdraw [the] [C]ounterclaims, which I'll give [it] the opportunity to do that still, then the answer would be yes . . . ." (Id. at 12). Churchill's counsel requested an opportunity to consider whether Churchill would withdraw the Counterclaims and whether it would assert any cross-claims against Sunrise. (ECF No. 87 at 6, 13). Accordingly, in a post-conference order, the Court directed, inter alia: (i) Churchill to file an amended answer (the "Amended Answer") to the TAC by January 5, 2024; and (ii) Easy to file a letter (the "Letter") by January 10, 2024 advising the Court whether, in light of the Amended Answer, it would withdraw the Sanctions Motion. (ECF No. 79 ¶¶ 1–2). Churchill did not request—and the Court did not grant—permission to file any new counterclaims against Easy or Donel. The Court held in abeyance Churchill's deadline to respond to the Sanctions Motion pending the Court's receipt of the Letter. (Id. ¶ 3).

On January 5, 2024, Churchill filed its Amended Answer, which omits the Counterclaims and Third-Party Claims, but added a new counterclaim against Easy and third-party claim against Donel (the "New Claims"). (ECF No. 80 at 17–18 ¶¶ 11–15). The same day, Sunrise filed its answer to the TAC. (ECF No. 82 "Sunrise's Answer")). Sunrise's Answer includes most of the Counterclaims and Third-Party Claims that Churchill previously asserted in the Answer. (Id. at 22–49 ¶¶ 1–151).[1]

On January 9, 2024, Easy filed the Strike Request, asking the Court to strike the Amended Answer and Sunrise's Answer as "improper." (ECF No. 83). With respect to the Amended Answer,

---

[1] Sunrise's Answer omits two of the Counterclaims against Easy, specifically those for fraud and for a declaratory judgment that the Settlement Agreement is void for economic duress. (See ECF No. 51 ¶¶ 138–54).

3

Easy argues that (i) Churchill never sought leave to amend its Counterclaims and Third-Party Claims under Federal Rule of Civil Procedure 15; and (ii) "where, as here, Churchill's [Counter]claims have been answered by Easy [] and Donel, it may no longer dismiss them as a matter of right." (Id. at 1 n.1 (citing Fed. R. Civ. P. 41(a)(2), 41(c)). With respect to Sunrise's Answer, Easy argues "there are no permissible grounds for Sunrise to file an answer to the [TAC] or to interpose counterclaims against Easy" because such action "was neither authorized nor permitted by the Court" and because Easy "has asserted no claims against Sunrise" in the TAC. (Id. at 2).

With respect to Churchill's Amended Answer, the Strike Request is GRANTED. To assert the New Claims, Churchill required "the Court's leave[,]" which Churchill did not request and the Court did not grant. Fed. R. Civ. P. 15(a)(2). In addition, for Churchill to withdraw the Counterclaims and Third-Party Claims, Churchill must also request Court approval unless "all parties who have appeared" stipulate to the withdrawal. Fed. R. Civ. P. (a)(1)(A)(ii), (c); see Nasdaq, Inc. v. Exch. Traded Managers Grp., LLC, No. 17 Civ. 8252 (PAE), 2018 WL 3996932, at *10 (S.D.N.Y. Aug. 21, 2018) ("Under Rule 41, once a responsive pleading has been served, a counterclaim may be voluntarily dismissed only by joint stipulation or by court order."). Here, Churchill did not request leave to file the New Claims, and it cannot withdraw the Counterclaims and Third-Party Claims without a Court Order or by stipulation of all parties. Churchill did not request or receive permission to withdraw the Counterclaims Third-Party Claims and, although Easy stated at the Dec. 18 Conference that it would afford Churchill "the opportunity to" withdraw these claims (ECF No. 87 at 12), the parties did not file a stipulation of dismissal.

4

Accordingly, Churchill's filing of the Amended Answer with the New Claims and without the Counterclaims and Third-Party Claims was improper.

With respect to Sunrise's Answer, the Strike Request is DENIED. For the reasons stated in the Joinder Order, the Court found "Sunrise to be a required party" and "direct[ed] that Sunrise be joined to this action under Rule 19(a)(1)." (ECF No. 78 at 10). The effect of the Joinder Order is that Easy's claims are also asserted against Sunrise. Easy did not object to, or seek reconsideration or reargument of, the Joinder Order, and its deadline to do so has lapsed. See Fed. R. Civ. P. 72(a) (providing that "[a] party may serve and file objections to [a Magistrate Judge's] order [on a nondispositive matter] within 14 days after being served with a copy"); S.D.N.Y. Loc. Civ. R. 6.3 ("Unless otherwise provided by the Court or by statute or rule . . . , a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion[.]"). Thus, notwithstanding Easy's argument that it "has asserted no claims against Sunrise" in the TAC, (ECF No. 83 at 2), Sunrise is now a Defendant as to Easy's claims. Accordingly, the Sunrise Answer was proper.

For the reasons set forth above, the Strike Request is GRANTED IN PART and DENIED IN PART, and the court orders as follows:

1. Churchill's Amended Answer (ECF No. 80) is STRICKEN.

2. By **January 26, 2024**:

    a. If Churchill seeks leave to file the New Claims, it shall file a motion for leave under Rule 15;

5

    b. If Churchill seeks to withdraw the Counterclaims and Third-Party Claims, it shall file for the attention of the Honorable Gregory H. Woods either (i) a stipulation of dismissal signed by all parties or (ii) a motion for voluntary dismissal under Rule 41(a).

3. Churchill's deadlines to respond to the TAC and the MJP are HELD IN ABEYANCE pending its compliance with this Order.

4. The briefing of the Sanctions Motion shall proceed as follows:

    a. By **February 8, 2024**, Churchill shall file its opposition.

    b. By **February 22, 2024**, Easy shall file its reply, if any.

Dated:    New York, New York
            January 18, 2024

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**